[No. 6692. Decided September 5, 1907.]

B. L. Muir, *Respondent*, v. E. F. Beck *et al., Appellants.*[1]

SPECIFIC PERFORMANCE—ACCOUNTING—EVIDENCE—SUFFICIENCY. In an action for specific performance and an accounting, findings in favor of the plaintiff are sustained by the evidence when it appears that the defendant admitted the account, except as to $150, and there was evidence that he did receive such sum, and that such payment constituted full performance of the contract by plaintiff.

Appeal from a judgment of the superior court for King county, Hatch, J., entered September 27, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for an accounting and specific performance. Affirmed.

*Gray & Stern (James A. Snoddy,* of counsel), for appellants.

*Vince H. Faben,* for respondent.

CROW, J.—On or about March 6th, 1905, the defendants E. F. Beck and Mary A. Beck, his wife, who had recently purchased block 72, Burke's Second Addition to Seattle, for $3,600, entered into a written contract with the plaintiff, B. L. Muir, which in substance provided, that the property should be subdivided into lots, to be sold by the plaintiff Muir at not less than agreed minimum prices; that abstracts of title were to be furnished by the defendants Beck and wife, at a cost of not more than $5 per lot; that the expense of subdivision, surveying, platting, and clearing, not to exceed $45, should also be paid by Beck and wife; that the plaintiff Muir was to receive a commission of five per cent on all sales made by him; that, if within six months plaintiff had sold lots for cash and on time to the total value of $5,500 over and above his commission, then all lots remaining unsold were to be

[1]Reported in 91 Pac. 552.

conveyed to him by the defendants Beck and wife, as additional compensation for his services. The plaintiff, claiming to have sold the required number of lots, commenced this action to compel the defendants to convey to him all lots not sold, and for an accounting for the proceeds of certain lots which he alleged the defendants had wrongfully sold after the expiration of the six months, and after the plaintiff's completion of the contract. The trial court made findings and entered a decree in favor of the plaintiff. The defendants have appealed.

Several assignments of error are made, but the appellant's principal contention is that sufficient lots were not sold within the six months to net them $5,500, over and above respondent's commission. The trial court found that such sales had been made. After considering all the evidence and making careful computations based thereon, we conclude that this finding is correct. The substantial dispute between the parties was, whether a certain sale of three lots, made by the respondent Muir to one Choput, was for $1,300, as contended by respondent, or only $1,150 as contended by appellant. The court correctly found it to have been for $1,300. In fact, the appellant E. F. Beck admitted that he had executed a contract of sale, and afterwards a deed, to Choput expressing $1,300 consideration. The cost of grading, $45, and the cost of abstracts, $96, being a total of $141, should have been paid by appellants, but were in fact paid by respondent. Respondent is therefore entitled to a credit therefor against the $5,500. This would leave $5,351 as the net sum due appellants under the contract for sales made within the six months. Appellant's testimony caused the trial court to interrupt him on two or three occasions, and correctly suggest that his statements resolved the issues of fact in favor of respondent. Thereupon, appellant would always urge some mistake or misunderstanding. He was granted time to make final computations, and after doing so, testified, without making any detailed statement, that he had received in money and time con-

tracts, for all sales made by respondent, within the six months, the total sum of $5,270. But he never admitted having received the extra $150 on the Choput sale, which he did in fact receive. If this $150, the $45 for grading, and $96 for abstracts, be added to the $5,270 admitted by him, there would be a total of $5,561 to be charged against him on sales made by respondent within six months from the date of the contract, which more than constituted performance by respondent.

Other assignments of error are made, such as wrongful exclusion of evidence, incorrect amount of recovery, and improper form of judgment, all of which, after careful consideration, we conclude are without merit. Substantial justice has been done by the final decree entered, which is accordingly affirmed.

HADLEY, C. J., MOUNT, FULLERTON, and RUDKIN, JJ., concur.